Joseph H. Harrington
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

AMANDA GAYLE FERGUSON,

    Defendant.

Case No. 2:18-CR-00105-SAB

United States' Notice of Review of PSIR and Sentencing Memorandum

  Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms, Assistant United States Attorney for the Eastern District of Washington, submits the following Notice of Review of Presentence Investigation Report and Sentencing Memorandum.

A. REVIEW OF PSR

  The United States has reviewed the draft Presentence Investigation Report (PSR) prepared by United States Probation Officer Cassie Lerch on June 13, 2019. ECF No. 42. The United States has no additions, objections or proposed corrections based upon information that is presently available.

United States' Notice of Review of PSIR and Sentencing Memorandum - 1

B.  SENTENCING MEMORANDUM

   1.  <u>Applicable Law</u>:

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing courts must engage in a two-step process when imposing a sentence. The first step requires a court to calculate properly the advisory Guidelines sentencing range. *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006). A sentencing court should use this range as a starting point for its assessment of an appropriate sentence. *Id.* The second step requires a sentencing court to impose a "reasonable" sentence in light of the all the factors under 18 U.S.C. § 3553(a). *See United States v. Marcial-Santiago*, 447 F.3d 715,717 (9th Cir. 2006); *United States v. Zolp*, 479 F.3d 715, 722 (9th Cir. 2007) (the scheme of downward and upward departures is treated as essentially replaced by the requirement that judges impose a "reasonable" sentence). A wide range of sentences may be deemed reasonable. *See United States v. Mohamed*, 459 F.3d 979, 989 (9th Cir. 2006) ("reasonableness is a range, not a point" (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

In fulfilling its responsibilities under 18 U.S.C. § 3553(a), the court is not limited in the information that it may consider; rather, it may consider any evidence that bears upon the defendant's background, character, and conduct:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. The information which the court may consider extends to prior allegations for which no criminal charges were filed or for which a defendant was previously acquitted. *United States v. Putra*, 519 U.S. 148 (1997).

Although *Booker* requires the court to consider the factors identified in U.S.C. § 3553(a), that requirement "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *See Rita v. United States*, 551 U.S. 338 (2007); *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir. 2006). The factors a sentencing judge must consider are the nature and circumstances of the offense, and the history and characteristics of the defendant. The sentencing court must also consider the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational training, medical care, and other correctional treatment. A sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added).

2. <u>Guideline Range</u>:

Based on the draft PSR, the Defendant has an Adjusted Offense Level of 27, a Criminal History Category of VI (based on 21 criminal history points), and an advisory sentencing range of 130 to 162 months. The Adjusted Offense Level of 27 is consistent with the Guideline stipulations contained in the Plea Agreement. ECF No. 40 at 10-11.

3. <u>Analysis of § 3553(a) Factors</u>:

In evaluating the § 3553(a) factors, the court starts with the "nature and circumstances of the offense," and the "history and characteristics of the defendant" under Subsection (a)(1).

United States' Notice of Review of PSIR and Sentencing Memorandum - 3

The nature and circumstances of the offense in this case are serious and weigh in favor of a harsh sentence. The Defendant was engaged in repeated sales of firearms, destructive devices, and controlled substances. Some of the firearms were stolen or altered. These sales were essentially anonymous and made without regard to where the firearms and destructive devices would end up or the uses to which they would be put. This conduct created a risk to the community by facilitating other criminal conduct. The Defendant organized these sales while both a felon and user of controlled substances. Although the Defendant's conduct was serious, the Sentencing Guidelines accounted for much of this conduct through the Specific Offense Characteristics identified in the plea agreement and PSR. Thus, much of this conduct is accounted for in the Guideline range.

The history and characteristics of the Defendant are both concerning and tragic. The Defendant has a long history of criminal conduct, resulting in 21 criminal history points and a Criminal History Category of VI. Since only 13 points are necessary to achieve a Criminal History Category of VI, the Defendant's criminal history substantially exceeds the amount necessary for that category of criminal history. Nevertheless, the Defendant's criminal history primarily involved drug offenses and property crimes as opposed to robberies, burglaries, and assaults. This is consistent with a drug-dependent person who is committing crimes in order to maintain their access to drugs. While this circumstance is not mitigating (*see* USSG §5H1.4), it is not so exceptional as to merit an upward departure and appears to be adequately addressed by the Guideline range.

Conversely, some of the more tragic circumstances of the Defendant's life may call for a more measured approach based on the § 3553(a) factors. The Defendant appears to have had a good start in life with a supportive environment provided by at least one parent. As described in the PSR, drug use and other factors

United States' Notice of Review of PSIR and Sentencing Memorandum - 4

intervened. As part of the plea negotiation in this case, the government solicited information from the defense that may be mitigating as to sentencing. Some of this information is set forth in the PSR and relates to violence that the Defendant experienced in relationships as an adult. The government anticipates that additional information may be provided through sentencing materials file by the Defendant. These circumstances highlight the need for a sentence that will provide the Defendant will a full opportunity to avail herself of treatment and educational programs while in custody. A substantial sentence is also appropriate in order to deter the defendant from future criminal conduct, to promote respect for the law, and to protect the public from further crimes of the Defendant.

Based on the PSR, the Defendant clearly has unresolved substance abuse issues and appears to have unresolved mental health issues. Given time and opportunity, the Defendant may want to seek treatment for these. One point of optimism may be reflected in the PSR at paragraph 30.

The government and Defendant engaged in lengthy plea negotiations in this case. As reflected in the "Offense Conduct" section of the PSR, the evidence as to all of the counts in the Indictment was strong. Although the plea agreement permits the Defendant to recommend a sentence of 70 months in custody, the government believes that such a sentence would be insufficient to address the Defendant's needs for rehabilitative services and the community's needs for protection as embodied in the § 3553(a) factors. The government has bound itself to a below-Guideline recommendation of a sentence within the range of 92 to 115 months in custody, which the government believes is generally sufficient to address the purposes of § 3553(a) while accounting for the mitigating circumstances already described. The government wishes to reserve its final sentencing recommendation

United States' Notice of Review of PSIR and Sentencing Memorandum - 5

until it has had an opportunity to review any additional submissions provided by the Defendant.

Dated: July 1, 2019.

        Joseph H. Harrington
        United States Attorney

        <u>s/ Timothy J. Ohms</u>
        Timothy J. Ohms
        Assistant United States Attorney

United States' Notice of Review of PSIR and Sentencing Memorandum - 6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

<u>s/ Timothy J. Ohms</u>
Timothy J. Ohms
Assistant United States Attorney

United States' Notice of Review of PSIR and Sentencing Memorandum - 7