William D. Hyslop
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMANDA GAYLE FERGUSON,

    Defendant.

2:18-CR-105-SAB

Plea Agreement Addendum

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington; Timothy J. Ohms, Assistant United States Attorney for the Eastern District of Washington; Defendant AMANDA GAYLE FERGUSON and the Defendant's counsel, Lorinda Youngcourt, agree to the following Addendum to the Plea Agreement:

This Addendum to the Plea Agreement is intended to comply with recent the United States Supreme Court decision in *Rehaif v. United States*, 588 U.S. ___ (2019), filed on June 21, 2019. In *Rehaif*, the Supreme Court held that the Government must prove that a defendant knows of his/her status as a person barred from possessing a firearm. *Id.* at 1-2. The Supreme Court reasoned that the "defendant's status is the 'crucial element' separating innocent from wrongful conduct." *Id.* at 7. The Supreme Court stated, "[w]e conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2) the government must prove that the defendant knew he possessed a

Plea Agreement Addendum - 1

firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 11.

On April 18, 2018, Defendant was indicted and charged with several criminal offenses, including Felon in Possession of Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1), (Counts 1, 2, 6, 9, 11). ECF No. 1. The Indictment did not allege Defendant knew her status as a person previously convicted of an offense punishable by a term of imprisonment exceeding one year, which barred her from possessing a firearm and/or ammunition. On April 9, 2019, Defendant entered into a plea agreement pursuant to which she pled guilty to charges that included Counts 6, 9, and 11 of the Indictment, charging Defendant with Felon in Possession of a Firearm and/or Ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 38, 40. The elements of the offense for Counts 6, 9, and 11 did not include an element requiring the United States to prove beyond a reasonable doubt that Defendant knew her status as a person previously convicted of an offense punishable by a term of imprisonment exceeding one year, which barred her from possessing a firearm and/or ammunition. ECF No. 40 at 5-6.

Defendant is scheduled to be sentenced on October 18, 2019. ECF No. 50. Defendant wishes to proceed with sentencing as scheduled. Defendant understands that if she withdrew her guilty plea and proceeded to trial on Counts 6, 9, and 11 of the Indictment, the United States would be required to obtain a Superseding Indictment prior to trial that included an allegation that she knew her status as a person previously convicted of an offense punishable by a term of imprisonment exceeding one year and would be required to prove this fact beyond a reasonable doubt at trial.

Defendant stipulates that the United States could prove this element beyond a reasonable doubt as to each Count and that she, in fact, knew of her status as a person that had previously been convicted of a crime punishable by imprisonment for a term exceeding on year as to each Count, and is, therefore, guilty of the offenses alleged in

Plea Agreement Addendum - 2

Counts 6, 9, and 11 of the Indictment to which she originally entered guilty pleas on April 9, 2019.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____    \_\_\_8-12-19_____
Timothy J. Ohms                              Date
Assistant U.S. Attorney

I have read this Addendum to the Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Addendum to the Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in the Plea Agreement and any written Addendums to the Plea Agreement and no one has threatened or forced me in any way to enter into this Addendum to the Plea Agreement.

_____    \_\_\_8-9-19_____
AMANDA GAYLE FERGUSON                Date
Defendant

I have read the Addendum to the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement Addendum accurately sets forth the additional terms and stipulations agreed by the parties. I concur in my

Plea Agreement Addendum - 3

client's decision to maintain her guilty pleas as set forth in the Plea Agreement with the additional terms and stipulations set forth in this written Addendum to the Plea Agreement.

_____       8/9/2019
Lorinda Youngcourt                      Date
Attorney for Defendant

Plea Agreement Addendum - 4